Walker B. Hough and Kathleen Hough v. Commissioner.
Hough v. Commissioner
Docket No. 84168.
United States Tax Court
T.C. Memo 1962-70; 1962 Tax Ct. Memo LEXIS 239; 21 T.C.M. (CCH) 370; T.C.M. (RIA) 62070; March 29, 1962
*239 Walker B. Hough, 200 E. 66th St., New York, N. Y., pro se. Robert D. Whoriskey, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commission determined a deficiency in petitioners' 1956 income tax in the amount of $1,167.24. Petitioners, husband and wife, reside in New York, and filed their 1956 joint return with the district director in Manhattan. The husband will sometimes hereinafter be referred to as petitioner. Petitioner, a consulting engineer, was self-employed during 1956, and practiced out of his residence. The principal items in controversy relate to two adjustments made by the Commissioner. Petitioner had claimed deductions in the amount of $10,133 for travel and entertainment expenses, and $1,733.90 as advertising expenses. The Commissioner disallowed approximately 30 percent of these deductions, $3,080.63 and $547.65, respectively, for lack of substantiation. He also stated that in the case of the travel and entertainment expenses, the amount disallowed, even if proved, would constitute nondeductible personal expenses. We have before us a lengthy stipulation of facts which was supplemented by further evidence presented by petitioner *240 at the hearing. It appears that petitioner was able to substantiate considerably less than 70 percent of the deductions claimed by him, and that the Commissioner's allowance of approximately 70 percent of such deductions was substantially in excess of what he has proved. The Commissioner in substance has applied the so-called Cohan rule ( (C.A. 2)), and we agree, on the record before us, that he has applied it generously in petitioner's favor in this case. We find no error in his determination in respect of these two items. The evidence presented by petitioner was loose and confusing. He has shown no error in respect of these two items. Although he did introduce some cancelled checks in addition to those previously presented to the Commissioner, they were of such magnitude that, if they did represent proper deductions, they were already covered by the amounts allowed by the Commissioner. An issue relating to a foreign tax credit has been conceded by the Government. In an amended pleading petitioner claimed a deduction of 20 percent of the annual rent of his apartment as a business expense. The amount thus claimed is $736. The *241 stipulation shows that petitioner paid a monthly rental of $305 for his apartment; that he incurred a $20 expense for an air conditioner for that apartment in September of 1956; and that he practiced his profession "out of his residence". No evidence was presented in connection with this item beyond that appearing in the stipulation. We have no way of knowing whether the apartment was used in any substantial or significant degree for business purposes. Yet it does seem clear that it was used to some extent for business purposes. In the absence of clarifying evidence we find as a fact that $500 of the expenses incurred for the apartment in 1956 were related to petitioner's business; that amount is deductible. Cf. Decision will be entered under Rule 50.